CASE 32—PETITION EQUITY—MARCH 2.

# Isenberg, Etc. v. Selvage, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. MUNICIPALITIES—INSPECTION OF PUBLIC IMPROVEMENTS—CHANGE OF INSPECTOR.—The legislature has the authority to change the tribunal which shall perform the duty of receiving and inspecting work done for a city under contract; and in doing so there is no impairment of the obligations of a contract which had previously been entered into, but the work under which had not then been inspected or received.

2. SAME.—The city engineer, whose duty it was at the time the contract was entered into, to inspect and receive the work, having done so after the passage of a law making it the duty of other

Isenberg, Etc., v. Selvage, Etc.

city officials, and the council having approved and ratified his action, the same will be upheld in as much as the council or the courts are given by the charter the right to make all corrections, rules and orders necessary to do justice to all parties concerned.

3. APPORTIONMENT WARRANTS—ISSUAL OF.—The clerk of the board of council being at the time the contract was entered into the proper person to issue apportionment warrants, the city council had authority after the law had been so changed as to make that the duty of other city officials, to authorize and direct the clerk to issue the same.

L. N. DEMBITZ AND M. A., D. A. & J. G. SACHS FOR APPELLANTS.

1. The enforcement of warrants for local improvements is a branch of the taxing power, and all proceedings therefor must be tested as proceedings to collect a tax; in this case the work was not inspected and received by the parties whose duty it was by law to do so, and the warrants were not issued by any one having authority of law to do so. Sections 166 and 167 of the Constitution of Ky.; Harris v. Zable, 4 Ky. Law Rep.; Ky. Statutes, secs. 2839 and 2770; Stone v. Miss., 101 U. S.; Cooley's Constitutional Limitations, 6th ed., page 341; People v. Squires, 107 N. Y., 595; In re Koch's Estate, 5th Rawle, 338; McGill v. Doe, 9 Ind.; Conn. Mut. Life Ins. Co. v. Talbert, 113, Ind. 573; Excelsior Mfg. Co. v. Keiser, 62 Miss., 135; Baldwin v. City of Newark, 38 N. Y., 158; People v. Clark, 7 N. Y., 38; Endlich, section 280; Morton v. Valentine, 15 La. Ann., 150; Richardson v. Cook, 37 Vermont, 599; Samperra v. U. S., 7 Pet. 222; Reardon v. Searcy, 2 Bibb, 202; Cooley on Taxation, 1st ed., chap. 12, page 288 and chap. 13, page 292; Merritt v. Portchester, 71 N. Y., 309; State v. Transit, 3 Harris (N. D.); Lapsley v. Brashears, 4 Litt.

LANE & BURNETT FOR APPELLEES.

1. At the time the contract was entered into, the appellees understood that the construction of the improvement was to be under the supervision of the city engineer, and that under the provisions of the charter the city engineer would be required to inspect and receive the work; no new law will be so construed as to repeal a former law with reference to any act done, or any right accrued, or any claim arising under the former law. Owensboro v. Sutton, 9 Ky. Law Rep., 57; Creighton v. Bragg, 21 Cal., 115.

2. The provisions of the second section in the schedule to the Constitution preserved for the appellees their rights and remedies provided for in the act of the 24th of March, 1882, under which the contract was made, and by reason thereof they are unaffected by anything contained in the charter subsequently passed. Long v. Louisville, 17 Ky. Law Rep., 258; Louisville Trust Co. v. City of Louisville, 17 Ky. Law Rep., 266; Holzhauer v. Newport, 15 Ky. Law Rep., 188.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Pursuant to an ordinance regularly passed the city of Louisville entered into a contract with Selvage, by which it was agreed, for stipulated prices, that he was to improve a certain part of Kentucky street by building a carriage way. The appellants own lots abutting on Kentucky street in front of which the improvement was to be made. The contract for the improvement was made in May, 1893. In December, 1893, the city engineer inspected and received the work. This duty was discharged in accordance with the requirements of law in force at the time the contract was entered into. The apportionment warrants were issued by the clerk of the board of councilmen under the order of that board as the law required, which was in force when the contract was made.

The act of the General Assembly for the government of cities of the first class, became a law July 1, 1893. A part of which are sections 2837 and 2839, Kentucky Statutes. Under section 2837 it is made the duty of the board of public works, its deputy or deputies, to inspect and receive work done under contracts for an improvement, the like of which Selvage made. The owners of property abutting on the street where the improvement

is made, their agents and representatives, are authorized to appear and be heard as to whether the improvement has been made in accordance with the ordinance authorizing the same, and the contract therefor. By section 2839 the board of public works are required to make out apportionment warrants. Formerly (under the old charter) this duty was performed by the clerk of the board of councilmen. The board of public works was in existence at the time the engineer inspected and received the work, and at the time the apportionment warrants were issued.

The sole question in this case is whether the engineer was authorized to inspect and receive the work, and the board of councilmen authorized to approve it and direct the apportionment warrants to be issued.

The purpose of the law in providing that the city engineer should inspect the work and receive it, and before doing which to give notice of the time and place that he would do so, was principally to enable the property owners, liable for the expense of such improvement, to be present and be heard.

It has been said that the act of such engineer was *quasi* judicial. The board of public works are now charged with the performance of that duty. We think the Legislature had the authority to change the tribunal which should perform that *quasi* judicial function, and in doing so did not impair the obligation of the contract which had been made with Selvage, or affect the rights of the property owners injuriously. Neither the board of public works or any deputy of it inspected and re-

ceived the work, nor did such board issue the apportion-
ment warrants.

Section 2834, Kentucky Statutes, reads as follows:

"  .  .  .  Payments may be enforced upon the prop-
erty bound therefor by proceedings in court; and no error
in the proceedings of the general council shall exempt
from payment after the work has been done as required
by either the ordinance or contract; but the general coun-
cil, or the courts in which suits may be pending, shall
make all corrections, rules, and orders to do justice to
all parties concerned.*   *   *"

It will be observed by the foregoing section that the
general council, or the courts shall make all corrections,
rules and orders, to do justice to all parties concerned.
The board of public works seems not to have acted, but
if it had, still the general council has authority to correct
what it may have done, and also to make orders to the
end that justice may be done. As the city engineer was
the party to inspect and accept the work when the con-
tract was made, the council evidently thought that it
was just to the contractor and to the property owner
that the city engineer should inspect and take up the
work which was executed under the contract. It, there-
fore, made an order which in effect ratified what the
engineer did, and directed the apportionment warrants
to be issued. This was done in the exercise of the supe-
rior authority which was conferred upon it by the law.
It was but just to the parties that such an order should
have been made. The same section of the law which
we have quoted confers authority upon the court to make

orders so as to administer justice to all concerned. It would work an absolute injustice upon the contractor, Selvage, should the court have adjudged that he was not entitled to maintain this action.

The judgment is affirmed.